LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822
Email: Ldell@Louisdell.com

Attorney for Plaintiff,
STEVEN BOSTON

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BOSTON,<br><br>          Plaintiffs,<br><br><br>  vs.<br><br><br><br>CREDENCE RESOURCE<br>MANAGEMENT, LLC,<br>and DOES 1-10,<br>         Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES |

– 1 –

Law Office of Louis P. Dell
Attorney and Counselor at Law

Plaintiff, STEVEN BOSTON, by his attorney, states as follows:

## INTRODUCTION

1.      This is an action for damages, attorney fees and costs brought pursuant to the Fair Credit Reporting Act (FCRA) [15 U.S.C. § 1681 et seq.], the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et seq.*] each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.      The purpose of the FCRA is to protect against inaccurate or arbitrary information from appearing in a person's consumer report.

3.      The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." (15 U.S.C. 1692(e)) Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

4.      The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. (Cal. Civ. Code § 1788.1(a)(i).) The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Non-compliance will subject the debt collector to civil liability. (Cal. Civ. Code § 1788.30)

## JURISDICTION

5.      Federal court jurisdiction is founded upon claims made under the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] and the Fair Credit Reporting Act (FCRA) [15 U.S.C. § 1681 *et seq.*]. The court has supplemental jurisdiction over the state law claims made herein.

Law Office of Louis P. Dell
Attorney and Counselor at Law

**PARTIES**

6.      Plaintiff STEVEN BOSTON ("Boston" or "plaintiff") is a natural person, and resides in the State of California, County of Los Angeles.

7.      Boston incurred debt(s), later described herein, collected by the defendants which were primarily for personal, family, or household purposes. Boston is therefore entitled to protection under the FDCPA, 15 U.S.C. § 1692a(3) ("consumer") & § 1692a(5) ("debt"). These debt(s) arose from a "consumer credit transaction" in which property, services or money was acquired on credit. (Cal. Civ. Code § 1788.2, subd. (e))

8.      Defendant CREDENCE RESOURCE MANAGEMENT, LLC ("CRM") is headquartered in Texas, and on information and belief, is incorporated in Nevada.

9.      Defendant CRM is a debt collection company engaged in collection of debt(s) allegedly owed to it by Boston, including, but not limited to, DirecTV account, interest, late penalties, attorney fees, other expenses.

10.      As advertised on its website, "About 1,600 FTEs at Credence work delinquent accounts for large healthcare and telecommunication companies."

11.      On information and belief, CRM has a pending application to the California Department of Financial Protection & Innovation perform debt collection business in California.

12.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in

some manner to plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

13.    Each of the defendants are persons who use instrumentalities of interstate commerce or the mails for the principal purpose of collecting debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This also includes taking or threatening to take any nonjudicial action to effect dispossession or disablement of property. These persons are debt collectors under FDCPA. (15 U.S.C. § 1692a(6)), & § 1692f(6)).

14.    Each of the defendants, in the ordinary course of business, regularly, on behalf of himself or herself or others, engage in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. These defendants are debt collectors under the Rosenthal Act (Cal. Civ. Code § 1788.2(c) ("debt collector")).

15.    Plaintiff is informed and believes and thereupon allege that each defendant is an agent or principal of each other defendant, that all acts were done at the instance and/or behest of each other defendant, and that all acts complained of were ratified by each other Defendant.

16.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

17.    For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

18.    The defendants herein are collectively referred to as "Defendants."

– 4 –

## FACTUAL ALLEGATIONS

19.    In late July of 2020, while the plaintiff was shopping at Costco, he was invited by representatives from DirecTV to transfer his DirecTV account to a less expensive one, save money and receive other benefits.

20.    The DirecTV representatives had him pay off his current DirecTV account. At their request, the plaintiff provided his credit card which was used to extinguish the balance owed.

21.    The representative assured that there was no early termination fee involved by switching to the new account. The DirecTV representative provided a New Customer Sales Worksheet. The "Early Termination Fee" box is not checked.

22.    On or about October 19, 2020, the plaintiff received a billing statement in the amount of $511.59 for the period of 10/18/20 to 11/17/20 on his former DirecTV account. This is the same account which had been paid off at Costco in late July 2020. The bill stated, "Service Interrupted."

23.    The plaintiff called DirecTV using the telephone number provided on the billing statement and notified them that the old contract was superseded by the new one.

24.    On or about February 13, 2021, received his TransUnion credit report which reflected that the old DirecTV account had been placed for collections by Defendants in the amount of $482, reported as of 02/13/21.

25.    The account DirecTV account item listed in the report was false, misleading, and inaccurate as aforesaid.

26.    On March 17, 2021, Boston disputed DirecTV account item in a letter sent to the Equifax, Experian, and TransUnion credit bureaus. Included in his

Law Office of Louis P. Dell
Attorney and Counselor at Law

dispute was the documentation from DirecTV indicating no early termination fee.

27.    Boston is informed and believes that the credit reporting agencies in turn notified the Defendants of his dispute.

28.    On April 2, 2021, Boston received a validation letter from CRM indicating that the amount of $482.97 is owed.

29.    On April 20, 2021, CRM sent a letter to Boston acknowledging it had received the dispute made through the credit bureaus and that it is investigating and would cease collections until the dispute investigation is complete.

30.    On May 1, 2021, Boston received a reinvestigation report from TransUnion indicating that the DirecTV account item was still being reported with false, misleading, and inaccurate balances and pay histories.

31.    The false, misleading, and inaccurate DirecTV account item remains in Boston's credit file.

32.    CRM called Boston an estimated fifty times at his home and at work in an attempt to collect the debt.

33.    Given that Boston had both disputed the DirecTV account with CRM and through the credit reporting agencies, these calls were a nuisance. Every day or so collection calls would show on his phone which Boston found distressing.

34.    As a direct and proximate result of all acts, omissions, and consequences thereof, Plaintiff has sustained statutory damages.

35.    Plaintiff has further suffered actual damages including pecuniary loss, risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able to obtain had the defendant not so acted. Plaintiff has abstained from applying for credit, and/or had adverse action taken on existing credit

Law Office of Louis P. Dell
Attorney and Counselor at Law

accounts and/or were denied credit. He feared the loss of his residence through foreclosure. He suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

## FIRST CLAIM

(Violation of the FCRA - Furnisher)

36.     Paragraphs 1-35 of this complaint are alleged in this claim.

37.     This claim is asserted by Plaintiff against each of the defendants.

38.     Each defendant negligently or willfully failed to comply with the requirements imposed on it under the Fair Credit Reporting Act with respect to Boston. In particular, but without limitation, each defendant violated 15 U.S.C. § 1681s-2(b), including but not limited to which provides:

> After receiving notice pursuant to § 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the defendants failed to—
> (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a

Law Office of Louis P. Dell
Attorney and Counselor at Law

nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly — (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

38.   Each defendant named in this cause of action is liable to Boston for every violation described in this complaint under 15 U.S.C. §§ 1681o & 1681n.

## SECOND CLAIM

### (Violation of the California CCRA - Furnisher)

39.   Paragraphs 1-35 of this complaint are alleged in this claim.

40.   This claim is asserted by Plaintiff against each of the defendants.

41.   The foregoing acts and omissions of false credit reporting constitute violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a).

75.   Each defendant named in this cause of action is liable to Boston under Cal. Civ. Code § 1788.31 for every violation described in this complaint

## THIRD CLAIM

### (Violation of the FDCPA)

42.   Paragraphs 1-35 of this complaint are alleged in this claim.

43.   This claim is asserted by Plaintiff against each of the defendants.

- 8 –

44.    The foregoing acts and omissions constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.* including but not limited to:

a.    Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.

b.    Violations of § 1692e(2) falsely representing the character, amount, or legal status of any debt.

c.    Violations of § 1692e(5) by threatening to take any action that cannot legally be taken or is not intended to be taken.

d.    Violations of § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

e.    Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

f.    Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

g.    Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt. Each of the defendants' actions taken as a whole, as described in this lawsuit, was harassing, oppressive, and abusive.

45.    The violations are among the defendants' practices towards numerous consumers, such as Boston, for which the defendants are motivated by enhanced collection revenues.

46.    Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

- 9 –

Law Office of Louis P. Dell
Attorney and Counselor at Law

Law Office of Louis P. Dell
Attorney and Counselor at Law

## FOURTH CLAIM

### (Violation of the California Rosenthal Act)

47.    Paragraphs 1-35 of this complaint are alleged in this claim.

48.    This claim is asserted by Plaintiff against each of the defendants.

49.    The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq*.

50.    The violations are among the defendants' practices towards numerous consumers, such as Plaintiff, for which the defendants are motivated by enhanced collection revenues.

51.    Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.30.

## PRAYER FOR DAMAGES

WHEREFORE, the Plaintiff prays judgment in his favor as follows:

FOR THE FIRST CLAIM against each of the defendants:

    1.    Actual damages according to proof;

    2.    Statutory damages for willful violations of no less than $1,000 for each violation;

    3.    Punitive damages for willful violations;

    4.    Reasonable attorney fees;

    5.    Costs of suit; and

    6.    For such further relief as the court may deem just and equitable.

FOR THE SECOND CLAIM against each of the defendants:

Law Office of Louis P. Dell
Attorney and Counselor at Law

1.  Actual damages according to proof;

2.  Statutory damages of no less than $5,000;

3.  Reasonable attorney fees;

4.  Costs of suit; and

5.  For such further relief as the court may deem just and equitable.

FOR THE THIRD CLAIM against each of the defendants:

1.  Actual damages according to proof;

2.  Statutory damages of no less than $1,000 for each violation;

3.  Reasonable attorney fees;

4.  Costs of suit; and

5.  For such further relief as the court may deem just and equitable.

FOR THE FOURTH CLAIM against each of the defendants:

1.  Actual damages according to proof;

2.  Statutory damages of no less than $1,000 for each violation;

3.  Reasonable attorney fees;

4.  Costs of suit; and

5.  For such further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated: April 19, 2022                          Law Office of Louis P. Dell

                                               /s/ Louis P. Dell
                                        _____

- 11 –

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Law Office of Louis P. Dell
Attorney and Counselor at Law

Attorney for Plaintiff,
STEVEN BOSTON

COMPLAINT FOR DAMAGES